FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 2 4 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM C. AGEE, JR., | ) | |
| Plaintiff, | ) | |
| vs. | ) | 3:10-cv-00368-RCJ-VPC |
| COUNTRYWIDE HOME LOANS, INC. et al., | ) | **ORDER** |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint is a fifty-two-page MERS-conspiracy type complaint listing twelve causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Pending before the Court is a motion to remand and a motion to dismiss. For the reasons given herein, the Court denies the motion to remand and grants the motion to dismiss.

## I.  THE PROPERTY

Plaintiff William C. Agee, Jr. gave Countrywide Home Loans ("Countrywide") a $171,000 promissory note, secured by a deed of trust ("DOT"), to purchase real property at 751 Tamsen Rd., Fernley, NV 89408 (the "Property"). (DOT 1–4, Oct. 20, 2004, ECF No. 6-2, at 6). the trustee was CTC Real Estate Services ("CTC"). (*See id.*). Plaintiff defaulted. BAC Home Loans Servicing, f.k.a. Countrywide, as agent for Bank of New York Mellon, substituted Recontrust as trustee on Jan. 27, 2010. (*See* Substitution, Jan. 27, 2010, ECF No. 6-2, at 27).

1  First American Title Insurance Corp., as agent for Recontrust Co., N.A., foreclosed the same
2  day. (*See* Notice of Default ("NOD") 1, Jan. 27, 2010, ECF No. 6-2, at 24).  Plaintiff failed to
3  attend the Foreclosure Mediation Conference. (*See* FMP Certificate, May 12, 2010, ECF No. 6-
4  2, at 30). Recontrust noticed a sale for July 2, 2010. (*See* Notice of Trustee's Sale ("NOS"),
5  June 11, 2010, ECF No. 6-2, at 32).

## II.  ANALYSIS

The foreclosure was statutorily proper.  The affirmative claims fail for reasons given in other substantively identical cases.  No nuances appear in this case in that regard.

Plaintiff also moves to remand for lack of jurisdiction.  Defendants removed based on both federal question and diversity jurisdiction.  Plaintiffs have not alleged that any Defendant is a Nevada citizen except Advahome, LLC, d.b.a. Mortgage America - Reno, which Plaintiff calls a "Nevada resident company." Defendants noted in the Notice of Removal that Advahome is a Missouri limited liability company with its principal place of business in Missouri.  The Nevada Secretary of State website indicates that "Advahome L.L.C." is a "foreign" Missouri limited liability company formerly registered to do business in Nevada. *See* Nevada Secretary of State Business Entity Search, http://nvsos.gov/sosentitysearch (last visited Mar. 7, 2011). Advahome's managers and members, however, are listed as Nevada residents. *See id.*  It is clear under Nevada law, however, that no claims lie against Advahome in this case, and the Court will not consider that party for purposes of diversity, as it is fraudulently joined.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED.

IT IS SO ORDERED.

Dated this 24th day of March, 2011.

_____
ROBERT C. JONES
United States District Judge